**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL J. CANE,            )<br>                                         )<br>      Plaintiff,                  )<br>                                         )<br>      vs.                             )<br>                                         )<br>NEVADA STATE BOARD OF )<br>ACCOUNTANCY,          )<br>                                         )<br>      Defendant.              ) | 3:15-cv-00569-RCJ-WGC<br><br>**ORDER** |

Plaintiff Michael Cane has sued the Nevada State Board of Accountancy (the "Board") for declaratory and injunctive relief under the Due process Clause of the Fourteenth Amendment based on the denial of his request that the Board reconsider a prior decision to revoke his license as a certified public accountant. The Board has moved to dismiss for failure to state a claim or for a more definite statement.

The Court will deny the motion without prejudice for the time being because of an apparent jurisdictional flaw in the Complaint. Specifically, the Board is immune from suit in federal court. *See* U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 10–15 (1890) (holding that to the extent resort to the Eleventh Amendment is even required beyond the common law of sovereignty, that Amendment was intended to also protect states from suits against their own citizens, despite its language referring only to citizens of other states). Although the State of

Nevada has waived its common-law sovereign immunity in its own courts, it has explicitly declined to waive Eleventh Amendment protection from suit in federal court. Nev. Rev. Stat. § 41.031; *see Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (upholding immunity of the Nevada Gaming Control Board under the statute); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 678 (9th Cir. 1991) (upholding immunity of the State Industrial Insurance System under the statute). The Board therefore has sovereign immunity against the present suit if it is an agency of the State of Nevada. *See NRDC v. Cal. Dep't of Trans.*, 96 F.3d 420, 421 (9th Cir. 1996) (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142–46 (1993)). It is. *See* Nev. Rev. Stat. § 628.035 (creating the Board). The Court will therefore order Plaintiff to show cause why the case should not be dismissed for lack of jurisdiction.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Motion (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall show cause within fourteen (14) days of the entry of this Order into the electronic docket why the case should not be dismissed for lack of subject matter jurisdiction. Defendant shall have fourteen (14) days thereafter to respond, and Plaintiff shall have seven (7) days thereafter to reply.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge