# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL J. CANE,

    Plaintiff,

vs.

NEVADA STATE BOARD OF ACCOUNTANCY,

    Defendant.

3:15-cv-00569-RCJ-WGC

**ORDER**

Plaintiff Michael Cane has sued the Nevada State Board of Accountancy (the "Board") for declaratory and injunctive relief under the Due Process Clause of the Fourteenth Amendment based on the denial of his request that the Board reconsider its decision to revoke his license as a certified public accountant. The Board moved to dismiss for failure to state a claim or for a more definite statement. The Court denied the motion without prejudice and ordered Plaintiff to show cause why the Complaint should not be dismissed for lack of subject matter jurisdiction under the Eleventh Amendment. *See* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ."); *Hans v. Louisiana*, 134 U.S. 1, 10–15 (1890) (holding that the Eleventh Amendment also applies to suits against states by their own citizens). As the Court noted, the State of Nevada (the "State") has declined to waive its

Eleventh Amendment protection. Nev. Rev. Stat. § 41.031; *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 678 (9th Cir. 1991). The Court therefore lacks jurisdiction over the present suit if the Board is an arm of the State. *See NRDC v. Cal. Dep't of Trans.*, 96 F.3d 420, 421 (9th Cir. 1996) (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142–46 (1993)).

Plaintiff has responded. First, Plaintiff suggests that a *sua sponte* order to show cause is inappropriate, and that Defendant must make a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). But "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)). If a court notices a lack of subject matter jurisdiction at any time, dismissal is mandatory. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Second, Plaintiff argues that the Board is not an arm of the State for Eleventh Amendment purposes because the Board is self-funded. That is, monies received by the Board via fees or otherwise are not deposited into the State's general treasury but into accounts maintained by the Board at private financial institutions (although the State has mandated that any such institution be within the State), and expenses of the Board are paid out of those accounts, not out of the State's general treasury. *See* Nev. Rev. Stat. § 628.140(1). Plaintiff notes that like the Board, the Nevada State Board of Medical Examiners and the Nevada State Board of Osteopathic Medicine have private funding regimes, and those entities have been sued in this District. That is true, but those suits have not succeeded, at least not against the agencies themselves. *See Orr v. Nev. State Bd. of Osteopathic Med.*, No. 2:12-cv-2119, 2014 WL

3722089, at *2–3 (D. Nev. July 25, 2014) (Navarro, C.J.) (dismissing the Nevada State Board of Osteopathic Medicine for failure to state a claim and failure to prosecute without addressing the immunity issue); *Jones v. Nev. Bd. of Med. Exam'rs*, No. 2:13-cv-996, 2014 WL 317786, at *2 (D. Nev. Jan. 27, 2014) (Navarro, C.J.) (citing *Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 740 n.1 (9th Cir. 2012)) (ruling that the Nevada State Board of Medical Examiners was immune under the Eleventh Amendment).

Even in the absence of these persuasive authorities, the Court would reject the argument that financial liability of the State is a prerequisite to state agency for the purposes of sovereign immunity. Although financial liability of a state is usually sufficient to invoke immunity, it is not necessary. The Court of Appeals wrote in 1991 that although financial impact on a state's treasury is a "central" indicator of whether a defendant should be considered an arm of a state for the purposes of sovereign immunity, other factors are also important:

> A central concern is whether a judgment against the entity named as a defendant would impact the state treasury. We also consider such factors as the nature of the entity's functions, powers, and responsibilities; its relation to and control by other units of government; its corporate status; its ability to sue or be sued; and its power to hold property in its own name or that of the state.

*Austin*, 939 F.2d at 678 (citations omitted). Here, the Board was created by the State, *see* Nev. Rev. Stat. § 628.035, the Governor appoints its members, *see id.* § 628.075, and its activities are governed by statute to serve the purpose of the State's regulation of accountants, *see id.* §§ 628.105, 628.160. State creation and governance is ultimately more important than the particular financial relationship of an entity to a state. The Court of Appeals had already held in 1982, for example, that the State Bar of Nevada had Eleventh Amendment protection "despite the absence of any indication that a damages judgment against it would impact Nevada's treasury" because it was created by the State to serve the regulatory purposes of the State. *Id.* at

679 (citing *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982)). The Supreme Court held long ago that even as to injunctive relief only state officials may be sued, not a state itself, which shows that an impact on a state's treasury is not the *sine qua non* of sovereign immunity. *Ex Parte Young*, 209 U.S. 123, 159–60 (1908). The Supreme Court has been emphatic in recent years that sovereign immunity is essentially a matter of dignity, not financial security. *E.g.*, *Fed. Mar. Comm'n v. S.C. Ports Auth.*, 535 U.S. 743, 769 (2002) ("As we have previously noted, however, the primary function of sovereign immunity is not to protect state treasuries, but to afford the States the dignity and respect due sovereign entities. As a result, we explained in *Seminole Tribe* that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment." (citations and internal quotation marks omitted)); *Alden v. Maine*, 527 U.S. 706, 715 (1999). In summary, the State's creation of the Board to serve the State's purposes and the fact that the Board may issue regulations with the force of law in furtherance of those purposes are the important facts.

    Even if financial impact on the State were a requirement, whether the State's general treasury would be depleted is not dispositive. If the present suit could result in the depletion of funds gathered and expended under authority and direction of the State by and to further the purposes of a State-created and -governed entity like the Board, the dignity of the State and interference with its sovereign activities are just as directly implicated as if the suit had targeted the general treasury. Any money judgment against the Board in this case would be satisfied out of State funds even if not out of the general treasury. The State has insulated the Board's funds from the general treasury, but the funds are still collected, managed, and paid at the direction of officials appointed by the Governor in order to serve the purposes of the State statutes and the regulations promulgated thereunder. Indeed, the State's decision to segregate the Board's funds

from the general fund could very well reflect a judgment that the Board's activities in furtherance of the State's regulation of accountants are too important to be subjected to the vagaries of the politics of the biannual budget.

Furthermore, when conducting Eleventh Amendment analyses the Court of Appeals "give[s] substantial deference" to the Nevada Supreme Court's determination of whether an agency is an arm of the State. *Austin*, 939 F.2d at 678 (citing *N. Nev. Assoc. of Injured Workers v. Nev. State Indus. Ins. Sys.*, 807 P.2d 728, 731 (1991)). In *Northern Nevada Association of Injured Workers*, the Nevada Supreme Court found that State agencies generally had the following indicia: approval and control of the Governor or other government agencies, treatment as a state agency by the Nevada Revised Statutes, and possession of powers of sovereign authority such as the ability to make regulations. *N. Nev. Assoc. of Injured Workers*, 807 P.2d at 731 & nn.7–9. These indicators are present here. The Court has been able to identify only three reported opinions from the Nevada Supreme Court where the Board was a party, and two of the three cases tend to indicate that the Nevada Supreme Court views the Board as an agency of the State. *See Manning v. Nev. State Bd. of Accountancy*, 673 P.2d 494 (Nev. 1983) (noting that despite the fact that the Board was a "governmental agency," estoppel could apply as a defense to its claim for injunctive relief when justice so dictated); *Patt v. Nev. State Bd. of Accountancy*, 571 P.2d 105 (Nev. 1977) (indicating no opinion on the issue); *Eikelberger v. Nev. State Bd. of Accountancy*, 531 P.2d 853 (Nev. 1975) (referring to the Board as an "administrative agency"). Those cases concerned either judicial review of administrative rulings of the Board[1] or cases in which the Board was the plaintiff, but none in which the Board was a defendant in an original action.

---

1 The power to conduct administrative proceedings with the force of law and the availability of judicial review of those proceedings powerfully indicate that the Board is an arm of the State.

1    Finally, the Nevada Administrative Procedure Act ("NAPA") defines "agency" as "an
2  agency, bureau, board, commission, department, division, officer or employee of the Executive
3  Department of the State Government authorized by law to make regulations or to determine
4  contested cases." Nev. Rev. Stat. § 233B.031. The Board is a "board," *id.* at § 628.009, of the
5  executive branch, *id.* at § 628.075, authorized by law to make regulations, *id.* at § 628.160, and it
6  is therefore an "agency" under NAPA. Judicial review of the Board's rulings is therefore
7  provided under NAPA. *See id.* § 233B.130. NAPA was adopted in 1965. The separate right of
8  judicial review of the Board's decisions that was previously provided under section 628.410(10)
9  was repealed in 1981, likely because it was redundant with the right of judicial review generally
10 available under NAPA, although the legislative history on the point is not available. Only the
11 decisions of those agencies expressly listed in Chapter 233B are exempt from judicial review
12 thereunder. *Id.* § 233B.020(2). The Board is nowhere mentioned in Chapter 233B. Section
13 233B.039 exempts many entities, but the Board is not amongst them.

14    In summary, Plaintiff's remedy against the Board itself, if any, is a NAPA action for
15 judicial review of the Board's decision. Plaintiff may sue individual members of the Board for
16 damages and may sue them in their official capacities for injunctive relief, but he has not named
17 any individual members of the Board. He has thus far only listed the Board itself and "Doe"
18 defendants. The Court will give Plaintiff leave to amend to name individual defendants.
19 Plaintiff's motion to amend will be granted, as well, as he seeks thereby to add substantive
20 allegations.
21 ///
22 ///
23 ///
24

**CONCLUSION**

IT IS HEREBY ORDERED that the Nevada State Board of Accountancy is DIMSISSED as a Defendant.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 15) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall file a first amended complaint within twenty-one (21) days of the entry of this Order into the electronic docket. Failure to comply may result in dismissal for failure to prosecute and failure to comply with a court order under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated this 12th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge